IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | CRIMINAL ACTION |
| v. | : | NO. 08-201 |
| | : | |
| DENNIS BURNETT, | : | CIVIL ACTION |
| Defendant. | : | NO. 13-2231 |

MEMORANDUM

**Pratter, J.**                                                                                               January 14, 2014

Following his decision to enter a guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) (hereinafter "Rule 11") to two counts of robbery, one count of conspiracy to commit robbery, and one count of using or carrying a firearm during and in relation to a violent crime, Petitioner Dennis Burnett filed a *pro se* petition for a writ of habeas corpus [Doc. No. 247] under 28 U.S.C. § 2255. For the reasons discussed below, Mr. Burnett's petition will be denied.

**I. BACKGROUND**

On May 12, 2009, Mr. Burnett was charged in a third superseding indictment [Doc. No. 90] with one count of conspiracy to commit Hobbs Act robberies, in violation of 18 U.S.C. 1951(a) (Count 1); two counts of Hobbs Act robbery, and aiding and abetting the commission of Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Counts 2 and 4); and two counts of using and carrying a firearm, and aiding and abetting the using and carrying of a firearm, during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Counts 3 and 5). These charges were brought after Mr. Burnett conspired with others to rob a

1

number of pharmacies in Pennsylvania and Maryland to obtain prescription drugs for resale on the street [Doc. No. 90].

Mr. Burnett proceeded to trial on these charges on July 13, 2009. The next day, during jury selection for his trial, Mr. Burnett chose to enter into a plea agreement pursuant to Rule 11(c)(1)(C). After extensive negotiations, and in consultation with his attorney, Mr. Burnett decided to plead guilty to the conspiracy count, the two Hobbs Act robbery counts, and one of the § 924(c) offenses. July 14, 2009 Tr. at 13:19-24 (hereinafter "Plea Tr."). To that end, Mr. Burnett entered into a plea agreement with the Government, in which the parties stipulated to a sentence that included 25-years' imprisonment. Plea Tr. at 14:18-21. By entering into this agreement, Mr. Burnett avoided a mandatory sentence of an additional, consecutive 25-year prison term for conviction of the second § 924(c) offense with which he was charged. 18 U.S.C. § 924(c)(1)(C)(i); *see* Plea Tr. at 58:18-24. The parties also stipulated that "as of the date of th[e] agreement, [Mr. Burnett] has demonstrated acceptance of responsibility for his offense making the defendant eligible for a 2-level adjustment under U.S.S.G. § 3E1.1(a)." *See* Plea Agreement at ¶ 4.

Following the plea hearing, Mr. Burnett's counsel withdrew from the case [Doc. No. 174], and Mr. Burnett filed a *pro se* motion to withdraw his guilty plea on October 7, 2009 [Doc. No. 184]. After a hearing, the Court dismissed the motion to withdraw the plea without prejudice on October 14, 2009 [Doc. No. 191] and appointed new counsel.

On December 23, 2009, Mr. Burnett's new counsel moved to withdraw the guilty plea, arguing that the plea was not knowing and voluntary because he was emotionally distraught at the time of the plea hearing [Doc. No. 202]. After a hearing, the Court denied the motion [Doc. No. 217] and imposed the agreed-upon sentence of 25 years' imprisonment [Doc. No. 223]. The

Court did not factor in a 2-point adjustment for acceptance of responsibility when sentencing Mr. Burnett. Mr. Burnett appealed this sentence [Doc. No. 224] for the same reasons put forth in his motion to withdraw his guilty plea, and the Court of Appeals for the Third Circuit affirmed the denial of his motion to withdraw his plea. *United States v. Burnett*, 452 F. App'x 81 (3d Cir. 2011).

On April 26, 2013, Mr. Burnett filed the instant motion for habeas corpus relief under 28 U.S.C. § 2255 [Doc. No. 247].[1] Mr. Burnett also moved [Doc. No. 246] for recusal of this Court from presiding over the habeas corpus proceeding, arguing that comments by the Court during the plea colloquy implicated § 455(a) of the federal recusal statute. The Court declined to recuse from consideration of the habeas petition, and the Third Circuit Court of Appeals upheld the Court's denial of Mr. Burnett's recusal motion. *See In re Burnett*, No. 13-3418, 2013 WL 5540128, at *2 (3d Cir. Oct. 9, 2013).

Mr. Burnett's request for habeas relief targets the same four statements expressed by the Court during the lengthy guilty plea proceeding[2] that argued demonstrated the Court's supposed partiality towards his plea and plea agreement in his recusal motion, namely:

> "Let me interrupt at this point, just so there's no misunderstanding here. Mr. Burnett, I'm aware of discussions between Mr. Cannon and Ms. Marston[3] and the proposed agreed-upon sentence. If I thought that was not a sentence I could get comfortable with, I would tell you now. Okay?" (Plea Tr. at 15:17-24)

---

[1] Because Mr. Burnett appears as a *pro se* litigant, the Court construes his allegations liberally. *See Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

[2] The transcript of the entire hearing covers 73 pages. Typically, the Court's change of plea hearings run between 1 and 2 hours.

[3] At the time of the guilty plea proceeding, Mr. William T. Cannon represented Mr. Burnett, and Ms. Karen S. Marston represented the United States.

3

> "Just to remind Mr. Burnett [of] the value of his negotiated deal here, would you, Ms. Marston, take a moment and remind him of the maximum penalties it could have been?" (Plea Tr. at 57:9-12)
>
> "The reason why I ask that, Mr. Burnett, is it's obvious that there is a significant sentence here. But if you have a background that included some serious prior convictions, I would want to know that before I told you that I was comfortable with the sentence, with the deal that's been crafted for you, because it is a significant savings for you on the sentence." (Plea Tr. at 62:9-17).
>
> "I don't know if it may be worth anything to you, but I think that the deal that was negotiated for you is a pretty darn good one from your perspective, okay?" (Plea Tr. at 72:22-25).

These comments were made during a plea colloquy conducted pursuant to Rule 11, which requires, before a court may accept a guilty plea, that the court "inform the defendant of, and determine that the defendant understands," a number of considerations relating to the plea and its consequences, including but not limited to "any maximum possible penalty, including imprisonment, fine, and term of supervised release." Fed. R. Crim. P. 11(b)(1)(H). Mr. Burnett claims that these comments violated Rule 11(c)(1), in that they reflect impermissible Court participation in plea negotiations. In addition, he faults his trial and appellate counsel for not raising this issue at the plea hearing or on direct appeal, respectively. Finally, he seeks to withdraw his plea because he claims that the Court declined to follow the stipulation in his plea agreement regarding a downward departure for acceptance of responsibility and, again, that counsel was ineffective for failing to raise this issue earlier. Thus, Mr. Burnett in essence presents two claims for relief (*i.e.*, that the Court inappropriately participated in plea negotiations and that he should be permitted to withdraw his plea because the Court failed to follow a stipulation in the plea agreement), as well as related ineffective assistance claims.

4

## II. DISCUSSION

### A. Mr. Burnett's Habeas Claims

The Government argues that Mr. Burnett has waived all of his claims, either because he failed to raise them previously or because his plea agreement contains a waiver provision. Indeed, the plea agreement Mr. Burnett signed contained a provision expressly limiting his right to direct and collateral appeals:

> [T]he defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived. Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence. If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that: (1) the defendant's sentence is greater than that agreed to in paragraph 5 of this agreement; If [sic] the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

*See* Plea Agreement at ¶ 9.

With respect to the first argument for waiver, that Mr. Burnett failed to raise his claims earlier, it is true that Mr. Burnett has never previously raised either of his claims before this Court or on direct appeal. However, Mr. Burnett argues that both his trial and appellate counsel were ineffective for failing to raise the issues in a timely fashion. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and 'actual prejudice,' . . . or that he is actually innocent."[4] *United States v. Garth*, 188 F.3d 99, 106 (3d Cir. 1999) (internal quotation and citation omitted). Moreover, "[i]t is now well-established that a successful claim

---

[4] Mr. Burnett does seem to suggest he is innocent of the crimes to which he pleaded, but he presents no evidence supporting such a contention.

of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 . . . (1984), satisfies the 'cause' prong of a procedural default inquiry." *Id.* at 107.

As for whether the waiver provision in the plea agreement bars Mr. Burnett's claim, the Third Circuit Court of Appeals has held that "[w]aivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice." *United States v. Khattak,* 273 F.3d 557, 563 (3d Cir. 2001).[5] That court has also held that "enforcement of the waiver would work a 'miscarriage of justice' [if a] plea agreement was based on a coerced plea which the District Court should have permitted [a defendant] to withdraw." *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005). Here, Mr. Burnett's argument that the Court impermissibly participated in plea negotiation directly implicates the validity of his plea. If that claim is meritorious, then, enforcing the waiver provision in his plea agreement would constitute a miscarriage of justice and would, indeed, implicate the voluntariness of his plea. *See United States v. Cockerham,* 237 F.3d 1179, 1187 (10th Cir. 2001) ("[W]e hold that a plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver.").

Similarly, the plea agreement itself provides that Mr. Burnett can withdraw his plea if the Court fails to follow any of the stipulations in the plea agreement. *See* Plea Agreement at ¶ 7. His second claim is just that – he claims that the Court failed to follow the stipulation that he was entitled to a 2-point downward adjustment for acceptance of responsibility and that he should therefore be entitled to withdraw his plea. Certainly the waiver provision in the same plea

---

[5] This Court and the Third Circuit Court of Appeals have previously determined that Mr. Burnett's plea was knowing and voluntary. *See* Docket No. 217; *Burnett*, 452 F. App'x 81. However, the claim that Mr. Burnett was allegedly coerced to enter the plea through statements made by the Court at his plea hearing was not at issue when the Court previously considered the voluntariness of his plea.

agreement would not bar consideration of a claim clearly provided for in another provision of the agreement. For all of these reasons, then, the Court will in this case consider the merits of Mr. Burnett's claims to determine whether he has waived them, as counterintuitive as that may seem on the surface.

### 1. Rule 11(c)(1)

Mr. Burnett claims that the Court violated Rule 11(c)(1) by making various comments regarding his plea agreement with the Government during a plea colloquy, and that the resulting plea was therefore not knowing or voluntary. He also argues that trial counsel was ineffective for failing to raise this alleged error at the plea hearing, and that appellate counsel was ineffective for failing to raise the alleged error on direct appeal.

Rule 11(c)(1) prohibits judges from participating in the negotiation of a plea agreement, but imposes no prohibition on judicial participation in the *entry* of a plea *already negotiated* by the parties. Fed. R. Crim. P. 11(c)(1) ("An attorney for the government and the defendant's attorney . . . may discuss and reach a plea agreement. The court must not participate in these discussions."). Further, Rule 11(b)(1) explicitly requires courts to engage in a plea colloquy with the defendant preceding entry of a guilty plea in order to ensure that the defendant is aware of and understands the nature and consequences of the plea. Fed. R. Crim. P. 11(b)(1).

The comments cited by Mr. Burnett as violating Rule 11 included an inquiry into the maximum penalties available for the charges levied against Mr. Burnett, and an assessment of the agreed-upon sentence in relation to such maximum penalties. Plea Tr. at 57: 9-12, 72: 22-25. Detached from the context and purpose of the Rule 11 plea colloquy, Mr. Burnett contends that these comments evince improper participation by the Court in plea negotiation. They do not. The full context of the plea colloquy demonstrates that these comments derived only from the

7

Court's required assessment of the validity of Mr. Burnett's plea pursuant to Rule 11. Fed. R. Crim. P. 11(b)(1).

For example, Mr. Burnett points to the following remark as evidencing impermissible participation in plea negotiation: "Just to remind Mr. Burnett [of] the value of his negotiated deal here, would you, Ms. Marston, take a moment and remind him of the maximum penalties it could have been?" Tr. at 57: 9-12. To the contrary of Mr. Burnett's argument, however, Rule 11 specifically requires the court to "inform the defendant of, and determine that the defendant understands" any "maximum possible penalty" that may apply to the charges against the defendant before the court may accept a plea to the charges. Fed. R. Crim. P. 11(b)(1)(H). Read in the context of the plea colloquy mandated under Rule 11(b)(1), these isolated remarks, including the reference to a "significant savings," constitute merely an assessment of the negotiated sentence in light of the fact that Mr. Burnett's agreement enabled him to avoid a mandatory, additional 25-year prison term for the second § 924(c) offense with which he was charged. *See* 18 U.S.C. 924(c)(1)(C)(i); Plea Tr. at 62:9-17. Indeed, in upholding the Court's denial of Mr. Burnett's recusal motion, the Third Circuit Court of Appeals stated that these very statements made by the Court at Mr. Burnett's plea colloquy "were permissible 'assessments relevant to the case.'" *In re Burnett*, 2013 WL 5540128, at *2 (quoting *United States v. Ciavarella*, 716 F.3d 705, 719 (3d Cir. 2013)).

The cases cited by Mr. Burnett do not alter the Court's analysis. In each of those cases, the plea agreement had not yet been finalized, or the defendant expressed some reluctance to proceed with a guilty plea despite having signed a plea agreement. *See, e.g., United States v. Castro*, 736 F.3d 1308 (11th Cir. 2013) (holding that a district court's comments made after a plea agreement had been signed but at a time when the defendant expressed uncertainty about

8

entering a guilty plea violated Rule 11(c)(1), but refusing to vacate his plea in the absence of proof that the court's comments caused defendant to enter a guilty plea); *United States v. Rodriguez*, 197 F.3d 156 (5th Cir. 1999) (holding that a district court's comments violated Rule 11(c)(1) when they were made after a plea agreement had been negotiated but before the defendant accepted the agreement); *United States v. Casallas*, 59 F.3d 1173 (11th Cir. 1995) (holding that a district court's comments regarding a defendant's potential sentence crossed the line into improper participation when made immediately before the defendant *changed his mind* and decided to enter a guilty plea); *United States v. Bruce*, 976 F.2d 552 (9th Cir. 1992) (holding that a district court violated Rule 11(c)(1) when commenting on a *proposed* plea agreement); *Chacon-Vela v. United States*, No. 1:07–cr–0148–JEC–2, 2012 WL 1657193 (N.D. Ga. May 9, 2012) (vacating a guilty plea when a district court made comments about a defendant's likelihood of success at trial and potential sentence after trial versus after a plea at a time when the defendant wavered as to whether to continue with his guilty plea). Thus, each of those cases is easily distinguishable from this one, in which Mr. Burnett had signed a plea agreement prior to the hearing in question and did not show any signs during the plea colloquy of changing his mind about his decision to plead guilty. Therefore, Mr. Burnett's Rule 11(c)(1) claim and the ineffective assistance claims based thereon[6] fail.

---

[6] To establish a claim of ineffective assistance of counsel, a defendant must satisfy a two-pronged test under *Strickland*. First, the defendant must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 687. Second, the defendant must show that counsel's deficient performance prejudiced the defendant, resulting in an unreliable or fundamentally unfair outcome of the proceeding. *Id.* If a defendant fails to satisfy one prong of the *Strickland* test, a court need not consider the other prong. *Id.* at 697. Because his underlying substantive claim fails, it follows that counsel was not ineffective for failing to raise a meritless claim. Therefore, Mr. Burnett has failed to satisfy the "merits" or "prejudice" prong of the *Strickland* test.

*2. Stipulation*

Mr. Burnett's next claim is that the Court failed to follow a stipulation in his plea agreement and that he should therefore be permitted to withdraw his plea. As previously noted, Mr. Burnett's plea agreement contained a stipulation that "as of the date of th[e] agreement, [Mr. Burnett] has demonstrated acceptance of responsibility for his offense making the defendant eligible for a 2-level adjustment under U.S.S.G. § 3E1.1(a)." *See* Plea Agreement at ¶ 4. Subsequent to entry of his guilty plea, Mr. Burnett moved to withdraw his plea, claiming that he was too emotionally distraught to be competent to enter a plea and that he was not, in fact, guilty of the crimes to which he pleaded guilty. After the Court denied his motion, he was sentenced to 25 years, the same amount of time agreed upon in his plea agreement, but he was not given a 2-point reduction for acceptance of responsibility.

Under the circumstances of this case, the failure to give Mr. Burnett a 2-point reduction for acceptance of responsibility did not implicate the provision of the plea agreement permitting him to withdraw his plea if the Court failed to follow a stipulation contained in the plea agreement. The stipulation in question merely states that "as of the date of th[e] agreement" he had accepted responsibility for his offense. The Government, in that provision, did not stipulate that, no matter what happened after the agreement was signed, he would continue to be eligible for such an adjustment. And, indeed, Mr. Burnett, very shortly after entering his plea, demonstrated that he had not accepted responsibility for his offenses by unsuccessfully attempting to withdraw his plea. *See, e.g., United States v. Whitmer,* 505 F. App'x 167, 172-73 (3d Cir. 2012) (not precedential) ("The government's decision to invoke the appellate waiver here does not violate the plea agreement. Because the plea agreement specifically limited the parties' stipulation that Whitmer qualified for the downward adjustment for acceptance of

responsibility with the language 'as of the date of the agreement,' the government was free to argue that Whitmer's later actions were inconsistent with such an adjustment."). Thus, Mr. Burnett's second attempt to withdraw his guilty plea must fail, as must the ineffective assistance claim based on the same argument.

### B. Hearing

A district court is required to hold an evidentiary hearing on a motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 unless the motions, files and records of the case show conclusively that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005). Although the baseline the movant must meet to secure an evidentiary hearing is admittedly low, *Booth*, 432 F. 3d at 546, it is clear from the files and records of the case that Mr. Burnett is entitled to no relief, and so he is not entitled to a hearing in this case.

### C. Certificate of Appealability

When a district court issues a final order denying a § 2255 petition, the court must also make a determination about whether a certificate of appealability should issue or the clerk of the court of appeals shall remand the case to the district court for a prompt determination regarding whether a certificate should issue. Based upon the motion and files and records of the case, and for the reasons set forth herein, the Court finds that Mr. Burnett has not demonstrated a substantial denial of a constitutional right. A certificate will therefore not issue.

**III.  CONCLUSION**

For the reasons discussed above, Mr. Burnett's § 2255 petition will be denied, and a Certificate of Appealability will not issue. An appropriate order follows.

BY THE COURT:


  /s/ Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge